IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Jerome A. Owens, #299108, *a/k/a Jerome Owens*, <br><br> Plaintiff, <br><br> v. <br><br> Alan Wilson, South Carolina Attorney General, and State of South Carolina, <br><br> Defendants. | C/A No.: 5:17-cv-00764-JFA <br><br><br><br> **ORDER** |

## I. INTRODUCTION

The *pro se* Plaintiff, Jerome A. Owens, is an inmate at the Allendale Correctional Institution. He brings this action under 42 U.S.C. § 1983, contending that Defendants violated his constitutional rights.

After reviewing the pleadings, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") *sua sponte* and opined that this case should be dismissed without prejudice and without issuance and service of process. (ECF No. 14). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

incorporates those facts and standards without a recitation. Plaintiff filed objections to the Report on May 15, 2017. (ECF No. 17). Thus, this matter is ripe for review.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## II. DISCUSSION

Plaintiff Owens argues that his prior convictions in Florida, which enhanced his sentence, should not have been considered in calculating the sentence he is currently serving. (ECF No. 17 p. 3). Plaintiff lists his sentence enhancement as an injury, and he seeks to negate or lessen the sentence. (ECF No. 17 p. 2). The Supreme Court of the United States, however, has held that "[h]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)).

In *Heck*, the issue before the Court was whether a state prisoner could challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983. *Id.* at 478. The Court noted that "the dismissal of [plaintiff's] §1983 action was correct because [the] courts below

found that his damages claims challenged the legality of his conviction." *Id.* at 477-88, 489-90. The Court further noted that a damages claim related to a sentence that has not been invalidated is not cognizable under §1983. *Id.* at 487.

Here, Plaintiff alleges that his sentence is unconstitutionally lengthy, and he is seeking damages in the form of equitable relief.[2] Plaintiff asks this Court for a "declaration of the Federal Law," alleging that he was "deprived Due Process of a Federal Statutory Law." (ECF No. 4 p. 9). Plaintiff also contends that "[t]he facts of *Heck* authority and the case law does not have any bearing on the facts or question before the court in the Magistrates [sic] report and recommendation." (ECF No. 17 p. 3). Plaintiff further states that *Heck* "only hints at the answer to the current issue before this Court in dicta and therefore does not constitute directly applicable precedent." (ECF No. 17 p. 6).

Plaintiff Owens is mistaken. *Heck* is directly applicable to the present case because Owens is contesting his sentence and the enhancement thereof. *See Heck*, 512 U.S. at 487. The Magistrate Judge thus correctly opined that, under the Supreme Court's ruling in *Heck*, Owens' claim for damages and release from custody is barred, unless he can demonstrate that the conviction or sentence has been successfully challenged, because the success of his action would implicitly question the validity of his conviction or duration of his sentence. *See id.* Moreover, as Owens has not demonstrated that his conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ has been issued, his action must be dismissed for failure to state a claim, and his request for damages under §1983 is barred. *See Heck*, 512 U.S. at 477-78 ("[T]he dismissal of [plaintiff's] §1983 action was correct because [the] courts below found that his

---

[2] Plaintiff is seeking to "have the [l]aw [d]eclared only and . . . does not attempt to seek any monetary relief." (ECF No. 17 p. 2).

damages claims challenged the legality of his conviction."). As the Magistrate Judge correctly stated, "[t]o the extent Plaintiff is challenging his conviction, a writ of habeas corpus is his exclusive remedy." (ECF No. 14 p. 4); *see Heck*, at 477-78.

## III. CONCLUSION

Therefore, after carefully reviewing the applicable laws, the record in this case, the Report, and the objection thereto, this Court finds the Magistrate Judge's Report fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation. (ECF No. 14). Thus, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

September 14, 2017  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge